**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| GEORGE SINK, P.A. INJURY LAWYERS, ) | Civil Case No. 2:19-cv-01206-DCN |
| ) | |
| Plaintiff, ) | |
| ) | **MOTION TO DISMISS PURSUANT** |
| v. ) | **TO RULE 12(B)(6)** |
| ) | |
| GEORGE SINK II LAW FIRM, LLC, ) | |
| GEORGE SINK LAW FIRM, LLC, ) | |
| SOUTHERN LEGAL ASSOCIATION, LLC, ) | |
| and GEORGE ("TED") SINK, JR., ) | |
| ) | |
| Defendants. ) | |

Please take notice that the Defendants George Sink II Law Firm, LLC, George Sink Law Firm, LLC, Southern Legal Association, LLC, and George ("Ted") Sink, Jr., will move before the Honorable David C. Norton, ten (10) days after notice hereof or as soon thereafter as may be convenient for the Court, for an order dismissing the Plaintiff's Complaint in its entirety pursuant to the authority of Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is based upon the following arguments and authorities, as well as upon such additional argument and authority as may be offered at the time of hearing.

**Standard for Review**

When ruling on a Rule 12(b)(6) motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Nonetheless, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court need not accept legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), or "legal conclusions drawn from the facts." *Monroe v. City of Charlottesville,* 579 F.3d 380, 385–86 (4th Cir. 2009) (internal quotation omitted).

Rule 12(d) provides that consideration of matters outside of the pleadings will convert a Rule 12(b)(6) motion to one for summary judgment. Paragraph 30 of the Complaint makes express reference to a "Non-Solicitation Agreement" between the Plaintiff and George Sink, Jr. Paragraphs 51 and 52 of the Complaint cite the Arbitration Clause of the Non-Solicitation Agreement as the sole purported authority for the Plaintiff having initiated this action. When, as here, Plaintiff has referred to documents and relied on them in bringing their action, the court's consideration of such documents does not convert the motion into one for summary judgment under Rule 56. Thus, a court may properly consider documents that are "*explicitly incorporated into the complaint by reference* and those attached to the complaint as exhibits . . . ." *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (emphasis added); *see also U.S. ex rel. Oberg*, 745 F.3d 131, 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, *so long as the document was integral to the complaint and there is no dispute about the document's authenticity.*" *Goines*, 822 F.3d at 166 (citing *Secretary v. Trimble,* 484 F.3d 700, 705; *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir.2004); *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 618 (4th Cir.1999)). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point*, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

In accordance with the aforementioned authority, the Non-Solicitation Agreement is attached hereto as **Exhibit A**. Furthermore, the Defendants believe that by making reference to the Arbitration proceeding, the Plaintiff has made the Arbitration integral to its claim for relief.

The Defendants will have for the Courts review in camera (either prior to or at the hearing) both the Demand in Arbitration and the Amended Demand in Arbitration so that the Court will be able to compare the relief sought here and the relief sought through arbitration. Alternatively, the Defendants will make both the Demand in Arbitration and the Amended Demand in Arbitration a part of this record if directed to do so by the Court. Candidly, it is ponderous as to why the referenced documents were not attached to the Complaint and/or why the Plaintiff chose to seek from this Court the same relief (and more) that it is pursuing through arbitration. The argument below may be elucidating on that point. Simply put, the plain language of the Non-Solicitation Agreement is fatal to the Complaint and entitles the Defendants to a dismissal of all causes of action.

## Argument

First, and significantly, the Non-Solicitation Agreement is between "George Sink, Jr." and "George Sink, P.A. Injury Lawyers." The name "Ted," the moniker Plaintiff now urges for George Sink, Jr., cannot be found in the document. Plaintiff incorrectly cites the Arbitration Clause of the Non-Solicitation Agreement as its authority for the initiation of its action. While it is true that the Arbitration Clause permits either party to seek injunctive relief from a Court, the injunctive relief which is permitted by this Court is expressly limited to a request for a status quo pending the outcome of the matters in arbitration. To that end, the Arbitration Clause provides in pertinent part as follows:

- The Arbitrator shall be fully empowered to enter injunctive relief, and the parties may seek and obtain a *temporary* restraining order or injunction from a court while awaiting the decision of the Arbitrator on a claim for a restraining order or injunction. Non-Solicitation Agreement, p. 3. [Emphasis Added].

The Complaint in the present matter seeks relief far beyond that which is authorized by the Arbitration Clause. The following paragraphs from the Complaint exemplify the overreach:

57. As a result of Defendants' infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

58. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. 1117(a) and (b).

65. As a result of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

67. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. 1116 and the equitable authority of this Court to redress the harm Defendants have caused and will continue to cause until their conduct is restrained. (Repeated at Para. 72)

70. As a result of Defendants' cybersquatting as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

77. As a result of Defendants' infringement, Defendants have been unjustly enriched and Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Permanently enjoin the Defendants …

B. Order the cancellation and/or transfer of Defendants' <georgesinklawfirm.com> domain name …

C. Grant Plaintiff equitable relief in order to stop the harm caused to Plaintiff, and

D. Grant such other and further relief as this Court deems just and proper.

As the Demand in Arbitration reveals, the relief above was already being sought through arbitration and/or could have been requested in arbitration. What the arbitration process did not afford the Plaintiff was a public platform in which to create the false narrative that George Sink,

Jr. (i.e., the party to the Non-Solicitation Agreement and the lawyer licensed to practice law in South Carolina and Georgia) should be called "Ted Sink" instead. This is true because the Arbitration Clause provides that it is to be conducted on a "confidential basis" and the Plaintiff could not otherwise release misleading information under the protection of a legal proceeding. As a result, this Court and the public was ignorant of the commencement of arbitration between the parties on March 11, 2019. There were no press releases from the Plaintiff and/or its counsel surrounding the commencement of the arbitration like the release that issued in conjunction with the filing of the Complaint in this action.

Notably absent from the Complaint and the Plaintiff's references to the Arbitration Clause, is any reference to the liquidated damages provision of the Non-Solicitation Agreement:

- "Employer may only recover up to $500.00, including all costs and fees for all claims, as a total sum, against Employee, agreeing that this represents full and final payment for all claims against employee now and in the future." Non-Solicitation Agreement, Arbitration Clause, p. 3.

Therefore, the Non-Solicitation Agreement is abundantly clear that the payment of $500.00 by George Sink, Jr. represents "full and final payment for **all claims** against employee now and in the future." While injunctive relief may have been available to the Plaintiff prior to the tender of the full relief available on all claims, it certainly is not available following a tender. Attached hereto as **Exhibit B** is the tender of $500.00 that was made to the Plaintiff through his legal counsel two months ago, on March 8, 2019. On this ground, the Defendants are entitled to a dismissal of all claims.

It is foreseeable that the Plaintiff may argue that dismissal is not proper because its Demand for Arbitration alleges that the Non-Solicitation Agreement was the product of fraud. The Plaintiff has waived its ability to advance any such argument. In Paragraphs 30, 51 and 52 of the Complaint, the Plaintiff expressly references the Non-Solicitation Agreement and its Arbitration Clause as the

authority for the commencement of the present action. What the Plaintiff secreted from the Court was that its Demand in Arbitration and Amended Demand in Arbitration seek to disavow and/or reform the Non-Solicitation Agreement as the alleged product of fraud. It is impossible that the Plaintiff can advance in arbitration that the Non-Solicitation Agreement is the product of fraud and in this action invoke the power and authority of the same Agreement as justification for its Complaint. It is troubling that the Complaint does not offer so much as a footnote reference to this issue to alert the Court of the conflicting positions.

To the extent that the Plaintiff would contend that the Non-Solicitation Agreement is the product of fraud, the Plaintiff has waived its argument through the commencement of this action.[1] "Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended." *Id.* at 344, 415 S.E.2d at 387-88. "The doctrine of waiver does not necessarily imply that the party asserting waiver has been misled to his prejudice or into an altered position." *Id.* at 344, 415 S.E.2d at 388. "[W]aiver require[s] a party to have known of a right, and known that the party was abandoning that right." *Strickland*, 375 S.C. at 85, 650 S.E.2d at 470-71. To be clear, the Plaintiff certainly knew of its rights to attack the validity of the Non-Solicitation Agreement and/or to seek its reformation at the time the Plaintiff relied on the same Agreement in commencing this action. To embrace the Non-Solicitation Agreement without reservation before this Court is to waive the right to attack the same Agreement in a separate venue.

To the extent that the Plaintiff would contend that the Non-Solicitation Agreement is the product of fraud, the Plaintiff is also precluded from seeking injunctive relief from this Court in

---

[1] But for the fact that the Plaintiff has not yet succeeded in having its inconsistent position accepted in arbitration, the Defendants would also be arguing that the Plaintiff is barred by judicial estoppel. See *Flexi-Van Leasing, Inc. v. Travelers Indemnity Company*, United States District Court, D.S.C., Charleston Division, 2019 SlipCopy, WL 1243052.

accordance with the doctrine of unclean hands. Injunctive relief is equitable relief. "The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant." *207 *First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct.App.1998). " 'He who comes into equity must come with clean hands. It is far more than a mere banality. It is a self-imposed ordinance that closes the door of the court of equity to one tainted **458 with inequitableness or bad faith relative to the matter in which he seeks relief.' " *Emery v. Smith,* 361 S.C. 207, 220, 603 S.E.2d 598, 605 (Ct.App.2004) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945)). "The decision to grant equitable relief is in the discretion of the trial judge." *Soden,* 333 S.C. at 568, 511 S.E.2d at 379.

It is inconceivable that the Plaintiff read the narrow scope of the injunctive relief provision of the Non-Solicitation Agreement, concluded that notwithstanding the limitation it was authorized to make a public filing seeking broad and sweeping relief, used its filing as a platform for a false narrative,[2] secreted from the Court that it was seeking to disavow the Non-Solicitation Agreement in another venue and then have the temerity to seek relief in equity from this Court. This is the essence of unclean hands. On this basis alone, the Court should dismiss the Complaint in its entirety.

## Conclusion

The Plaintiff has misled the Court, both in what has been alleged in the Complaint and in what has been withheld. The Plaintiff refers to the Defendant as "Ted" Sink and yet relies on the Non-Solicitation Agreement entered into between the Plaintiff and "George Sink, Jr." as its

---

[2] The false narrative is exemplified by paragraph 42 and the exhibits referenced therein. Query why the Plaintiff did not attach to the Complaint George Sink, Jr.'s birth certificate, Yale degree, law school degree, driver's license, voter registration card, South Carolina bar card, Georgia bar card, George Sink PA Injury Lawyers business card and/or the George Sink PA Injury Lawyers website as it appeared during George Sink, Jr.'s employment.

authority to have commenced the present action.  The Plaintiff makes reference to the Non-Solicitation Agreement, but provided no copy for the Court.  The Plaintiff contends that the Arbitration provision of the Non-Solicitation Agreement authorizes it to seek the relief requested in the Complaint, when the plain language Agreement provides otherwise.  The Plaintiff refers to its Demand in Arbitration, but fails to provide the Court a copy and fails to report that in the Demand in Arbitration it attacks the very Non-Solicitation Agreement which purportedly authorized the filing of its Complaint.  While the Arbitration was to be "confidential," the Plaintiff took the liberty of a public filing here to advance a false narrative that George Sink, Jr. is really "Ted" Sink and in doing so the Plaintiff cherry-picked a few self-serving references to the Defendants' nickname.

     The Defendant has tendered $500.00 to the Plaintiff which is all the relief to which the Plaintiff is ever entitled under the Non-Solicitation Agreement.  To the extent that the Plaintiff would seek to disavow the Non-Solicitation Agreement, it has waived its right to do so through the initiation of this action.  To the extent that the Plaintiff believes it is entitled to injunctive relief, it is barred by the doctrine of unclean hands.  The Defendants are entitled to and pray for a dismissal of all claims, together with such additional relief as the Court deems just and proper.

Charleston, South Carolina  
May 10, 2019

s/Ronald L. Richter, Jr.  
Ronald L. Richter, Jr. (Federal Bar No. 6264)  
s/Scott M. Mongillo  
Scott M. Mongillo (Federal Bar No. 7436)  
BLAND RICHTER, LLP  
*Attorneys for Defendants*  
Peoples Building  
18 Broad Street, Mezzanine  
Charleston, South Carolina 29401  
Telephone 843.573.9900  
Facsimile 843.573.0200  
ronnie@blandrichter.com  
scott@blandrichter.com

s/Eric S. Bland
Eric S. Bland (Federal Bar No. 5472)
BLAND RICHTER, LLP
*Attorneys for Defendants*
1500 Calhoun Street
Post Office Box 72
Columbia, South Carolina 29202
Telephone 803.256.9664
Facsimile 803.256.3056
ericbland@blandrichter.com

-and-

s/Timothy D. St. Clair
Timothy D. St. Clair (Federal Bar No. 4270)
PARKER POE ADAMS & BERNSTEIN, LLP
*Attorneys for Defendants*
110 East Court Street, Suite 200
Greenville, South Carolina 29601
Telephone:  864.577.6371
Facsimile:  864.242.9888
timstclair@parkerpoe.com