**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| GEORGE SINK, P.A. INJURY LAWYERS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GEORGE SINK II LAW FIRM, LLC,  )<br>GEORGE SINK LAW FIRM, LLC,  )<br>SOUTHERN LEGAL ASSOCIATION, LLC,  )<br>and GEORGE ("TED") SINK, JR.,  )<br>)<br>Defendants.  )<br>_____)  | **Civil Case No. 2:19-cv-01206-DCN** |

## FIRST AMENDED COMPLAINT

Plaintiff GEORGE SINK, P.A. INJURY LAWYERS ("Sink, P.A." or "Plaintiff") brings this action pursuant to 15 U.S.C. §§ 1114 and 1125, S.C. Code Ann. §§ 39-5-20 *et seq.* and 39-15-1165, and South Carolina common law, seeking injunctive relief against Defendants GEORGE SINK II LAW FIRM, LLC ("Sink II"), GEORGE SINK LAW FIRM, LLC ("Sink III"), SOUTHERN LEGAL ASSOCIATION, LLC ("SLA"), and GEORGE ("TED") SINK, JR. ("Ted Sink") (collectively, "Defendants") for trademark infringement, unfair competition, cybersquatting, unfair and deceptive trade practices, and dilution, and alleges as follows:

### PARTIES

1. Plaintiff Sink P.A. is a corporation formed on July 29, 1997, under the laws of the State of South Carolina, having a principal place of business at 7011 Rivers Avenue, Charleston, South Carolina 29406. Sink P.A. was founded by George Sink, Sr. ("George Sink"), who is the current President of Sink P.A.

2.      Defendant Sink II is a limited liability company formed on February 12, 2019, under the laws of the State of South Carolina, having a principal place of business at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405.

3.      Defendant Sink III is a limited liability company formed on February 27, 2019, under the laws of the State of South Carolina, having a principal place of business at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405.

4.      Defendant SLA is a limited liability company formed on February 11, 2019, under the laws of the State of South Carolina, having a principal place of business at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405.  Sink II's Articles of Incorporation lists SLA as its "manager", in which management of Sink II is vested.

5.      Defendant Ted Sink is a resident of the State of South Carolina.  On information and belief, Ted Sink is the founder and current President and/or Managing Partner of Sink II, Sink III, and SLA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1367.

7.      This Court has personal jurisdiction over Defendants as each Defendant resides in this State and District.

8.      Venue is proper in this Court under the provisions of 28 U.S.C. § 1391, as each Defendant resides in this State and District and Defendants are subject to personal jurisdiction in this State.

**FACTUAL BACKGROUND**

9.  Plaintiff is a preeminent Charleston-based law firm that focuses primarily on personal injury, workers' compensation, social security, veterans disability, and mass torts cases.

10. Since at least as early as 1997, when George Sink started Plaintiff Sink P.A., Plaintiff has used GEORGE SINK-formative marks in connection with legal services.

11. Plaintiff has since expanded into 14 staffed offices throughout South Carolina and Georgia. Plaintiff is one of the most recognizable law firms in South Carolina, and particularly renowned in the three largest Metropolitan Statistical Areas (MSAs) within South Carolina: Greenville-Anderson-Mauldin, SC MSA; Columbia, SC MSA; and Charleston-North Charleston, SC MSA.

12. In addition to Plaintiff's multi-state practice, Plaintiff advertises heavily on multiple platforms such as television, radio, billboards, phonebooks, mail, and online, including on its website, located at <www.sinklaw.com>, and social media. For example, Plaintiff has been featured on NBC, Forbes, The Huffington Post, Entrepreneur Magazine, various local FOX channels, and CBS.

13. Plaintiff is the owner of U.S. Service Mark Registration No. 3,849,776 ("the '776 Registration") for the GEORGE SINK, P.A. INJURY LAWYERS & Design mark, which registration recites "legal services" in International Class 45, and was first used in commerce as early as February 18, 1999. The '776 Registration issued on September 10, 2010, from an application filed on January 10, 2010, and has been accorded incontestable status pursuant to 15 U.S.C. § 1065. A copy of the '776 Registration is attached hereto as <u>Exhibit A</u>.

14. Plaintiff is also the owner of U.S. Service Mark Registration No. 4,620,500 ("the '500 Registration") for the GEORGE SINK, P.A. INJURY LAWYERS mark, which registration

recites "legal services; legal services, namely, providing customized legal information, counseling, advice, and litigation services in all areas of law to people and families of modest incomes" in International Class 45, and was first used in commerce as early as February 18, 1999. The '500 Registration issued on October 14, 2014, from an application filed on March 3, 2014. A copy of the '500 Registration is attached hereto as Exhibit B.

15. Plaintiff has used GEORGE SINK-formative marks, including the marks in the '776 Registration and '500 Registration (collectively, the "GEORGE SINK Marks"), in connection with legal services continuously and extensively for decades and, as such, has acquired distinctiveness by having secondary meaning to consumers.

16. Plaintiff has prior rights in the GEORGE SINK Marks in connection with its legal services.

17. Plaintiff has the exclusive right to use the GEORGE SINK Marks in connection with legal services, and to exclude the use of the same or similar marks in connection with the same or similar services, as such use is likely to cause confusion among consumers.

18. Customers and consumers of legal services associate the GEORGE SINK Marks with a single source.

19. The GEORGE SINK Marks are a source identifier for Plaintiff's legal services.

20. The GEORGE SINK Marks as applied to Plaintiff's legal services have secondary meaning to consumers, and as such, have acquired distinctiveness.

21. Plaintiff has used the GEORGE SINK Marks for decades and has acquired common law rights in the GEORGE SINK Marks.

22. Plaintiff has expended significant resources in advertising and promoting its legal services under the GEORGE SINK Marks throughout South Carolina and Georgia.

23. The GEORGE SINK Marks are well-known by the general consuming public throughout South Carolina and Georgia.

24. The GEORGE SINK Marks are immediately recognized by the general consuming public throughout South Carolina and Georgia as a source identifier of Plaintiff's legal services.

25. When members of the public see or hear the GEORGE SINK Marks as used in connection with legal services, they know that such legal services emanate from a single source.

26. On information and belief, there are no other third parties that use the GEORGE SINK Marks, or any other GEORGE SINK-formative mark, in connection with legal services in South Carolina and Georgia.

27. The GEORGE SINK Marks have acquired substantial goodwill and a strong association with Plaintiff in the minds of relevant consumers.

28. The GEORGE SINK Marks are famous, at least throughout South Carolina and Georgia.

29. The GEORGE SINK Marks became famous, at least throughout South Carolina and Georgia, prior to Defendants' use of the designation GEORGE SINK II.

30. In March 2013, Ted Sink moved to Charleston from New York to work for Plaintiff as a marketing employee. Ted Sink subsequently elected to go to law school, and graduated from Charleston School of Law in 2016. Ted Sink was admitted to the South Carolina State Bar in November 2016, and the Georgia State Bar in June 2017.

31. In March 2018, Ted Sink requested to be transitioned from Plaintiff's marketing department into an entry-level attorney position, and he began practicing law that month for the first time. As part of his employment, Ted Sink entered into a Confidentiality and Non-Solicitation Agreement (the "Non-Solicitation Agreement") with Plaintiff. The circumstances

surrounding entry into and the actual terms of the Non-Solicitation Agreement are set out by the Plaintiff's Amended Demand for Arbitration dated May 3, 2019 (the "Amended Demand"). A copy of the Amended Demand is attached hereto as Exhibit C; Exhibit C is incorporated fully herein, and filed under seal, pursuant to the Motion to Seal filed May 21, 2019.

32. Ted Sink's employment with Plaintiff was terminated on February 7, 2019.

33. On February 11, 2019, just a few days after his termination, Ted Sink formed SLA. On information and belief, Ted Sink formed SLA as a shell entity for purposes of managing Sink II, which Ted Sink formed the next day, on February 12, 2019. Shortly thereafter, on February 27, 2019, Ted Sink formed Sink III.

34. Plaintiff recently became aware that Defendants have been using in commerce the designations GEORGE SINK and GEORGE SINK II in connection with the sale, offering for sale, distribution, and/or marketing of identical legal services in some of the same geographical regions as Plaintiff—namely, Defendants have been offering legal services focused primarily on personal injury using the business names "George Sink Law Firm" and "George Sink II Law Firm" in South Carolina and Georgia.

35. On information and belief, Defendants are, or will be, using the same marketing media in many of the same geographical areas as Plaintiff.

36. On information and belief, Defendants are preparing to launch a campaign of television advertising in South Carolina.

37. Defendants have created online business listings, including Google business listings for a competing law firm named "George Sink II Law Firm" in Charleston, South Carolina. A printout of such business listings is attached hereto as Exhibit D.

6

38. As a result of the overlap in the business names and geographical location of Plaintiff's and Defendants' Google business listings, Plaintiff's business listing was flagged by Google and suspended. As a result, Plaintiff's business listing was unavailable and did not appear in Google search results. Plaintiff further lost more than 600 positive Google reviews received for its business listing. Plaintiff was only able to restore its business listing after more than two weeks of correspondence between Google and Plaintiff's technology consulting firm in order to satisfy Google that Plaintiff and Defendant were different entities. The visibility of Plaintiff's website to users of Google still has not recovered from the temporary suspension, and Plaintiff has been forced to reallocate resources to search engine optimization repair efforts, to the detriment of other business needs.

39. On information and belief, Defendants have used the designations GEORGE SINK and GEORGE SINK II in U.S. commerce in connection with legal services.

40. Defendants have been selling, offering for sale, distributing, and/or advertising legal services using the GEORGE SINK and GEORGE SINK II designations through their own website, located at <georgesinklawfirm.com>. A printout of Defendants' website is attached hereto as Exhibit E.

41. Plaintiff's GEORGE SINK Marks and Defendants' GEORGE SINK and GEORGE SINK II designations are nearly identical in sight, sound, pronunciation, spelling, meaning, and overall commercial impression.

42. Defendants' addition of "II" to the GEORGE SINK Marks implies to consumers that Defendants are merely extensions or related entities of Sink, P.A.

43. Defendants do not have trademark rights in or the rights to use the GEORGE SINK Marks, or any other confusingly similar GEORGE SINK-formative marks, including the designations GEORGE SINK and GEORGE SINK II.

44. "George Theodore Sink, Jr." is Ted Sink's full legal name, on information and belief, Ted Sink has throughout his life preferred the use of his middle name and gone by "Ted" or "Teddy". Printouts of publicly available examples of Ted Sink using and/or going by the first name "Ted" are attached hereto as Exhibit F.

45. Both Plaintiff's and Defendants' services are advertised, distributed, offered for sale, and/or sold to the same class of consumers, within the same industry, through the same channels of trade, including through their respective websites.

46. Defendants' unauthorized use of the confusingly similar designations GEORGE SINK and GEORGE SINK II in connection with identical services is likely to cause confusion among consumers as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services with or by Plaintiff.

47. Plaintiff's name, reputation, and goodwill are suffering, and have been damaged, as a result of Defendants' conduct.

48. Defendants' actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's rights.

49. Defendants' activities have caused and will continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's business, goodwill, and reputation.

50. Defendants' activities have diluted the value of Plaintiff's GEORGE SINK Marks, and has caused, and will continue to cause, damage to the value of the GEORGE SINK Marks.

8

51. Plaintiff is suffering irreparable harm and damage as a result of Defendants' acts in an amount not yet determined.

52. Defendants' unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill. Plaintiff has no adequate remedy at law to redress these injuries.

53. Pursuant to an arbitration clause in the Non-Solicitation Agreement (the "Arbitration Clause"), Plaintiff filed a Demand for Arbitration against Ted Sink on March 11, 2019, seeking arbitration for the parties' dispute arising out of the Non-Solicitation Agreement, as well as other outstanding disputes between Plaintiff and Ted Sink. The demand was amended on May 3, 2019, pursuant to the Amended Demand (*see* Exhibit C).

54. The Arbitration Clause states that "the parties may seek and obtain a temporary restraining order or injunction from a court while awaiting the decision of the Arbitrator on a claim for a restraining order or injunction," and accordingly, Plaintiff is hereby seeking injunctive relief pursuant to the Arbitration Clause.

## COUNT I
### Trademark Infringement - 15 U.S.C. § 1114

55. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

56. Plaintiff owns valid and enforceable trademark rights in the GEORGE SINK Marks.

57. Plaintiff has the exclusive right to use the GEORGE SINK Marks in commerce in connection with the services recited in its trademark registrations and applications, including, without limitation, legal services and related services.

58. Defendants have, without Plaintiff's consent, used the designations GEORGE SINK and GEORGE SINK II in connection with the sale, offering for sale, distribution, and/or

9

advertising of identical legal services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

59. Defendants' unauthorized use of the designations GEORGE SINK and GEORGE SINK II, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendants will continue to infringe Plaintiff's GEORGE SINK Marks.

60. Plaintiff's remedy at law is not adequate to redress the harm Defendants have caused and will continue to cause until their conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT II
### Unfair Competition – 15 U.S.C. § 1125(a)

61. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

62. Defendants' use of the designations GEORGE SINK and GEORGE SINK II in connection with legal services sold, offered for sale, distributed, and/or advertised by Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

63. Defendants have competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

64. Defendants have knowingly and willfully infringed Plaintiff's rights in the GEORGE SINK Marks by virtue of Defendants' use in commerce of the designations GEORGE SINK and GEORGE SINK II in connection with legal services and related services.

65. Defendants' acts of unfair competition have caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendants will continue their acts of unfair competition.

66. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court to redress the harm Defendants have caused and will continue to cause until their conduct is restrained.

## COUNT III
### Cybersquatting – 15 U.S.C. § 1125(d)

67. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

68. On information and belief, Defendants willfully and deliberately registered the <georgesinklawfirm.com> domain name with the bad faith intent to profit from Plaintiff's reputation and goodwill. By using the designation GEORGE SINK in its domain name, Defendants, on information and belief, intended to divert consumers looking for Plaintiff's website to Defendants' website, where Defendants are selling, offering for sale, distributing, and/or advertising legal services identical to Plaintiff's legal services.

69. Defendants' acts of cybersquatting have caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendants will continue their acts of unfair competition.

70. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court to redress the harm Defendants have caused and will continue to cause until their conduct is restrained.

## COUNT IV
### Common Law Trademark Infringement

71. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

72. Defendants' use of the designations GEORGE SINK and GEORGE SINK II in connection with the advertisement, distribution, offer for sale, and/or sale of legal services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

73. By using the designations GEORGE SINK and GEORGE SINK II in connection with services identical to those offered by Plaintiff, in the same channels of trade, Defendants are infringing Plaintiff's trademark rights in the GEORGE SINK Marks.

74. Defendants' infringement of Plaintiff's rights in the GEORGE SINK Marks has caused irreparable injury to Plaintiff's reputation and goodwill. On information and belief, unless restrained and enjoined, Defendants will continue to infringe Plaintiff's trademark rights.

75. Plaintiff is entitled to injunctive relief to redress the harm Defendants have caused and will continue to cause until their conduct is restrained.

## COUNT V
**Unfair Trade Practices – S.C. Code Ann. § 39-5-20 *et seq.***

76. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

77. Defendants' acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

78. Defendants' conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of S.C. Code Ann. § 39-5-20 *et seq.* and South Carolina common law.

79. Plaintiff has been damaged by Defendants' conduct and is entitled to injunctive relief pursuant to S.C. Code Ann. § 39-5-20 *et seq.* and other applicable law.

## COUNT VI
### Dilution – S.C. Code Ann. § 39-15-1165

80. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

81. Defendants' designations GEORGE SINK and GEORGE SINK II uses the dominant portion of the GEORGE SINK Marks in connection with the advertisement, distribution, offer for sale, and/or sale of legal services.

82. Defendants started using the designations GEORGE SINK and GEORGE SINK II after the GEORGE SINK Marks became famous, at least in South Carolina and Georgia.

83. By using the designations GEORGE SINK and GEORGE SINK II in connection with services identical to those offered by Plaintiff, in the same channels of trade, Defendants are diluting the distinctive quality of Plaintiff's famous GEORGE SINK Marks.

84. Defendants willfully intended to trade on Plaintiff's reputation and cause dilution of the GEORGE SINK Marks by adopting and using the designations GEORGE SINK and GEORGE SINK II in connection with legal services.

85. Plaintiff has been damaged, including lost goodwill, by Defendants' conduct and is entitled to injunctive relief pursuant to S.C. Code Ann. § 39-15-1165 and other applicable law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.  Preliminarily enjoin Defendants, their officers, agents, representatives, employees, and those persons acting in concert or participation with Defendants, from using the designations GEORGE SINK and GEORGE SINK II, or any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's GEORGE SINK Marks, pursuant to 15 U.S.C. § 1116(a);

B.  Order the cancellation and/or transfer of Defendants' <georgesinklawfirm.com> domain name, pursuant to 15 U.S.C. § 1125(d)(1)(C);

C.  Grant Plaintiff equitable relief in order to stop the harm caused to Plaintiff; and

D.  Grant such other and further relief as this Court deems just and equitable.

Date: May 21, 2019                                    Respectfully submitted,

                                                          s/ Trudy H. Robertson
Trudy H. Robertson
Federal ID No. 6211
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: (843) 579-7061
Facsimile: (843) 579-8722
E-mail: trudyrobertson@mvalaw.com

Allan R. Holmes (Fed. ID# 1925)
Cheryl H. Ledbetter (Fed. ID# 11446)
GIBBS & HOLMES
171 Church Street, Suite 110
Charleston, SC 29401
(843) 722-0033 (telephone)
(843) 722-0114 (facsimile)
E-mail: aholmes@gibbs-holmes.com
        cledbetter@gibbs-holmes.com

J. Mark Wilson (*pro hac vice application forthcoming*)
N.C. State Bar No. 25763
Kathryn G. Cole (*pro hac vice application forthcoming*)
N.C. State Bar No. 39106
Minnie Kim (*pro hac vice application forthcoming*)
N.C. State Bar No. 46173
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
E-mail: markwilson@mvalaw.com
       katecole@mvalaw.com
       minniekim@mvalaw.com

*Attorneys for Plaintiff George Sink, P.A. Injury Lawyers*