# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| GEORGE SINK, P.A. INJURY LAWYERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE SINK II LAW FIRM, LLC, )<br>GEORGE SINK LAW FIRM, LLC, )<br>SOUTHERN LEGAL ASSOCIATION, LLC, )<br>AND GEORGE ("TED") SINK, JR., )<br>)<br>Defendants. )<br>)<br>_____) | **Civil Case No, 2:19-cv-01206-DCN** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff George Sink, P.A. Injury Lawyers hereby submits its Response to the Motion to Dismiss filed by the Defendants, George Sink II Law Firm, LLC, George Sink Law Firm, LLC, Southern Legal Association, LLC, and George T. Sink, Jr. (collectively "Defendants"). For the reasons stated herein, Plaintiff requests that this Court deny the Defendants' Motion as moot.

### I. RELEVANT BACKGROUND

On April 25, 2019, Plaintiff initiated this action by filing its Complaint seeking injunctive relief against all of the named Defendants. (ECF No. 1). After accepting service, the Defendants filed their Motion to Dismiss, pursuant to Federal Rule of Procedure 12(b)(6). (ECF No. 11). In their Motion, the Defendants ask the Court to dismiss the Plaintiff's Complaint in its entirety on various grounds, including the Plaintiff's alleged overreaching in its request for relief, its public filing of the Complaint, its failure to provide the Court a copy of the referenced Non-Solicitation

1

Agreement, and other actions which the Defendants claim would bar Plaintiff's entitlement to injunctive relief under the doctrine of unclean hands. *Id*. Subsequently, on May 21, 2019, the Plaintiff filed its First Amended Complaint. (ECF No. 17). The filing of Plaintiff's amended complaint rendered the initial Complaint inoperative and thus the Defendants' Motion to Dismiss that Complaint is now moot.

## II. ARGUMENT

In the Fourth Circuit, "it is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Invue Sec. Prods. v. Mobile Tech, Inc*., No. 3:17-cv-00270-MOC-DSC, 2017 U.S. Dist. LEXIS 102692 at *1 (W.D.N.C. July 3, 2017), citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 571 (4th Cir. 2001) (as a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect). *See also Daniels v. Arcade, L.P.,* 477 Fed. Appx. 125, 130 (4h Cir. 2012); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* §1476 (2d ed. 1990) (once an amended pleading is filed, the original pleading no longer performs any function in case).

Following the language of the *Young* decision, many of the district courts in this Circuit have held that motions to dismiss an original complaint are thereby rendered moot by the filing of an amended complaint. *See, e.g., Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot defendants' first motions to dismiss directed to original complaint and considering only the second motions to dismiss the amended complaint). *See also Avila-Miranda v. Reynolds*, No. 1:18CV120, 2019 U.S. Dist. LEXIS 39336, at * 21-22 (M.D.N.C. March 12, 2019) (motions directed at a superseded pleading are to be denied as moot); *Messinger v. Window World, Inc*., No. 2:18-cv-00912, 2018 U.S. Dist. LEXIS 17234, at *4 (S.D.W.V. Oct. 5,

2018) (same); *Monroe v. Taurus Holdings, Inc.*, No. 5:17-CV-00604-FL, 2018 U.S. Dist. LEXIS 24053, at *2 (E.D.N.C. Feb. 14, 2018); *Hall v. Int'l Union*, No. 3:10-cv-418-RJC-DSC, 2011 U.S. Dist. LEXIS 66084, at *2 (W.D.N.C. June 21, 2011).

In conformity with the other lower courts of this Circuit, the Judges of this Court have also concluded that motions to dismiss filed prior to the amendment of a pleading such as a complaint are rendered moot as a result of the filing of an amended complaint. *See Schmitt v. Lewis-Goetz & Co.,* No. 3:17-cv-01557-JMC, 2017 U.S. Dist. LEXIS 180116, at *1 n.1 (D.S.C. Oct. 31, 2017) (J. Childs); *Parker v. G4S Secure Solutions USA, Inc.*, No. 8:16-2993, 2016 U.S. Dist. LEXIS 173518, at *2 (D.S.C. Oct. 27, 2016) (J. McDonald); *McClaugherty v. Ga. Stone Indus.*, No. 3:14-cv-02864-MGL, 2015 U.S. Dist. LEXIS 33237, at *2 (D.S.C. Mar. 18, 2015) (J. Lewis); *Bolt v. United States*, No. 8:15-1936-HMH, 2015 U.S. Dist. LEXIS 121783, at *2 (D.S.C. Sept. 14, 2015) (J. Herlong); *McCoy v. City of Columbia*, No. 3:10-132-JFA-JRM, 2010 U.S. Dist. LEXIS 90820 at *3 (D.S.C. Aug. 31, 2010) (J. Anderson).

In this case, Plaintiff's First Amended Complaint, filed pursuant to Rule 15(a)(1)(B) on May 21, superseded its original Complaint and rendered that pleading of no legal effect. Consequently, Defendants' Motion to Dismiss directed to the original Complaint must be denied as moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss as moot.

                    s/ Trudy H. Robertson
Trudy H. Robertson
Federal ID No. 6211
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: (843) 579-7061
Facsimile: (843) 579-8722
E-mail: trudyrobertson@mvalaw.com

Allan R. Holmes (Fed. ID# 1925)
Cheryl H. Ledbetter (Fed. ID# 11446)
GIBBS & HOLMES
171 Church Street, Suite 110
Charleston, SC 29401
(843) 722-0033 (telephone)
(843) 722-0114 (facsimile)
E-mail: aholmes@gibbs-holmes.com
cledbetter@gibbs-holmes.com

J. Mark Wilson (*pro hac vice app. forthcoming*)
N.C. State Bar No. 25763
Kathryn G. Cole (*pro hac vice app. forthcoming*)
N.C. State Bar No. 39106
Minnie Kim (*pro hac vice app. forthcoming*)
N.C. State Bar No. 46173
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
E-mail: markwilson@mvalaw.com
katecole@mvalaw.com
minniekim@mvalaw.com

***Attorneys for Plaintiff George Sink, P.A.***
***Injury Lawyers***

Charleston, SC
May 24, 2019