**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| GEORGE SINK, P.A. INJURY LAWYERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE SINK II LAW FIRM, LLC, )<br>GEORGE SINK LAW FIRM, LLC, )<br>SOUTHERN LEGAL ASSOCIATION, LLC, )<br>and GEORGE ("TED") SINK, JR., )<br>)<br>Defendants. )<br>_____ ) | **Civil Case No. 2:19-cv-01206-DCN** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

Plaintiff George Sink, P.A. Injury Lawyers ("Plaintiff" or "Sink, P.A.") submits this response in opposition to the Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) (DE 26 ("Motion")) filed by Defendants George Sink II Law Firm, LLC ("Sink II"), George Sink Law Firm, LLC ("Sink III"), Southern Legal Association, LLC ("SLA"), and George ("Ted") Sink, Jr. ("Ted Sink") (collectively, "Defendants").

**INTRODUCTION**

Through this action, which is based on Defendants' willful infringement of Plaintiff's federal and common law trademark rights in the GEORGE SINK Marks, Plaintiff seeks injunctive relief to stop Defendants from continuing their infringing conduct and causing consumer confusion in the marketplace. Defendants seek to dismiss this action, contending that "the plain language of the Non-Solicitation Agreement is fatal to the Complaint and entitles the Defendants to a dismissal

1

of all causes of action."[1] (Def. Mem., p. 3). Yet, Defendants fail to point to a single provision in the Non-Solicitation Agreement that precludes Plaintiff from filing this action and seeking the injunctive relief requested therein.[2]

As alleged in the First Amended Complaint, and acknowledged by Defendants, Plaintiff filed this action pursuant to a provision in the Arbitration Clause in the Non-Solicitation Agreement, which provision allows the parties to "seek and obtain a temporary restraining order or injunction from a court while awaiting the decision of the Arbitrator on a claim for a restraining order or injunction." (Amended Demand, p. 17). Defendants do not dispute any of this. In fact, Defendants admit that "it is true that the Arbitration Clause permits either party to seek injunctive relief from a Court… pending the outcome of the matters in arbitration." (Def. Mem., p. 3).

---

[1] Defendants did not contemporaneously file a memorandum in support of their Motion. Defendants instead rely on their memorandum in support of their previously filed Motion to Dismiss Pursuant to Rule 12(b)(6) (DE 11 ("Def. Mem.")), which Defendants have "adopted and incorporated by reference as if written verbatim herein." (Motion, p. 1).

Plaintiff notes that Defendants' Memorandum is directed to Plaintiff's original Complaint (DE 1), which is superseded and rendered moot by Plaintiff's First Amended Complaint (DE 17 ("FAC")). *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotations omitted); *see also Christian v. City of Greenville*, 2016 U.S. Dist. LEXIS 182969, at *6-7 (D.S.C. Oct. 18, 2016) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.").

[2] As alleged in the Amended Demand for Arbitration (DE 17-2 ("Amended Demand")), Plaintiff uses an identical or substantially identical Non-Solicitation Agreement ("Agreement I") for its employees. (Amended Demand, p. 2). Plaintiff presented Agreement I to Defendant Ted Sink while he was an employee of Plaintiff. Unbeknownst to Plaintiff, Ted Sink unilaterally altered certain terms in Agreement I and returned it to Plaintiff to execute. Plaintiff, without notice or knowledge of the altered terms, entered into the Non-Solicitation Agreement dated April 30, 2019, by and between Plaintiff and Ted Sink (the "Non-Solicitation Agreement" or "Agreement II"). (*Id.*). The parties may seek injunctive relief from a court pursuant to a provision in the Arbitration Clause of the Non-Solicitation Agreement. This provision was not altered in Agreement II, and it is identical in Agreement I and Agreement II. (*Id*.). The validity and/or enforcement of the altered terms in the Non-Solicitation Agreement are not at issue in this action. Nor are any of the altered terms relevant to this Motion.

Defendants further admit that the injunctive relief Plaintiff seeks through this action is "already being sought" in the pending arbitration. (Def. Mem., p. 4). Thus, this action and the injunctive relief sought through this action are clearly permitted by the plain language of the Non-Solicitation Agreement. There is simply nothing in the Non-Solicitation Agreement that precludes this action or the injunctive relief Plaintiff requests, and Defendants have failed to raise any arguments to show otherwise. Accordingly, Defendants' Motion should be denied.

## **LEGAL STANDARD**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Am. Tower Asset Sub. v. Pta-Fla, Inc.*, 2016 U.S. Dist. LEXIS 96387, at *3 (D.S.C. July 25, 2016). While affirmative defenses "can be raised in a 12(b)(6) motion … it is seldom appropriate to do so." *El Hadidi v. Intracoastal Land Sales, Inc.*, 2013 U.S. Dist. LEXIS 22699, at *5 (D.S.C. Feb. 20, 2013). "A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses." *Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). To be raised on a Rule 12(b)(6) motion to dismiss, a defense "must clearly appear on the face of the complaint." *Id.* at *6 (internal quotations omitted). In other words, the complaint must "allege all facts necessary to the affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). A complaint "should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged." *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 724 (D.S.C. Jan. 30, 2007).

**ARGUMENT**

**I.    This Action Seeks Injunctive Relief Within The Scope Expressly Permitted By The Non-Solicitation Agreement.**

Defendants admit that "it is true that the Arbitration Clause permits either party to seek injunctive relief" from this Court. (Def. Mem., p. 3). Defendants argue, however, that this action must be dismissed because it "seeks relief far beyond that which is authorized by the Arbitration Clause," as "the injunctive relief which is permitted by this Court is expressly limited to a request for a status quo pending the outcome of the matters in arbitration." (*Id.*). There is no legal or factual support for Defendants' argument.

The parties may seek injunctive relief from a court pursuant to the Arbitration Clause of the Non-Solicitation Agreement, which states in relevant part:

> The Arbitrator shall be fully empowered to enter injunctive relief, and the parties may seek and obtain a temporary restraining order or injunction from a court while awaiting the decision of the Arbitrator on a claim for a restraining order or injunction.

(Amended Demand, p. 17).

There is no limitation, much less an express limitation, that restricts the injunctive relief this Court may grant to injunctions maintaining the status quo. Rather, according to the plain language of the Arbitration Clause, Plaintiff is authorized to seek any injunctive relief from this Court that is also being sought through a pending claim for injunction in arbitration. This is precisely what Plaintiff has done. A comparison of the prayer for relief in the First Amended Complaint and the relief sought in the Amended Demand shows that Plaintiff is seeking injunctive relief from this Court that is within the scope of the injunctive relief it is seeking in arbitration. (*Compare* FAC, p. 14, *with* Amended Demand, pp. 6-8). Moreover, Defendants even admit that

4

the injunctive relief Plaintiff is requesting through this action "is already being sought through arbitration…." (Def. Mem., p. 4).

As shown by the plain language of the Arbitration Clause in the Non-Solicitation Agreement, and Defendants' own admissions, there is no merit to Defendants' arguments and their Motion should be denied.

## II.     The Arbitration Clause Expressly Allows Both Legal And Equitable Relief.

Defendants also argue that this action must be dismissed by virtue of a purported liquidated damages provision in the Arbitration Clause that limits recovery to $500. (Def. Mem., p. 5). Defendants represent to this Court that Ted Sink paid the $500 to Plaintiff through Defendants' counsel and, in support, attach email correspondence containing a photograph of a check, signed by Ted Sink in the amount of $500 to the order of Plaintiff's counsel. (*See* Exhibit B to Def. Mem. (DE 11-2)). Defendants contend that because Ted Sink paid the $500 in liquidated damages, no further claims for relief, including equitable remedies such as injunctive relief, are available to Plaintiff. (Def. Mem., p. 5). This argument likewise has no legal or factual support.

As an initial matter, Exhibit B to Defendants' Memorandum constitutes matters outside the pleadings and should be excluded by this Court. *Baiden & Assocs. v. Crum & Forster Specialty Ins. Co.*, 2012 U.S. Dist. LEXIS 23053, at *8 (D.S.C. Feb. 23, 2012) ("Materials—such as exhibits—are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters," and are "generally not considered in ruling on a Rule 12 motion.") (citing *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir.

2004)). Plaintiff further denies ever receiving this check.[3] Regardless, for purposes of this Motion, it is of no consequence whether Defendants paid the $500 in liquidated damages.

There is no dispute that injunctive relief is equitable relief. *See Lord & Taylor, LLC v. White Flint, L.P.*, 780 F.3d 211, 216 (4th Cir. 2015). Indeed, even Defendants state: "Injunctive relief is equitable relief." (Def. Mot., p. 7). "[L]iquidated damages do not include equitable relief," and the payment of such damages does not preclude Plaintiff from also seeking injunctive relief and other equitable remedies. *Drew v. Waffle House, Inc.*, 351 S.C. 544, 548-49 (2002). Nor does the purported liquidated damages provision, or any other part of the Non-Solicitation Agreement, contain any language limiting Plaintiff to liquidated damages as its sole remedy. (Amended Demand, pp. 15-19). In fact, the Arbitration Clause expressly provides that the parties may seek and/or be entitled to both injunctive relief and monetary damages. Thus, even if, *arguendo*, Defendants had paid the $500 in liquidated damages, Defendants' argument that the payment of liquidated damages precludes injunctive relief is contrary to the law and the plain language of the Non-Solicitation Agreement.

---

[3] The representations made to this Court by Defendants and Defendants' counsel—namely, that Defendants paid the $500 to Plaintiff through counsel and that the email correspondence shown in Exhibit B to Defendants' Memorandum is evidence of such payment—are false. As shown in Exhibit B to Defendants' Memorandum, Defendants' counsel emailed a photograph of the check to Plaintiff's counsel; but, the check itself was never actually delivered to Plaintiff or Plaintiff's counsel. And, as the check was never delivered, Plaintiff never deposited the check.

Plaintiff and Plaintiff's counsel have no recollection of receiving the check. Plaintiff and Plaintiff's counsel have further searched their records for any evidence of receipt or deposit of the check, and there is no such record. Defendants and/or Defendants' counsel are aware or should be aware that the check was never delivered or deposited, and the unequivocal representations to this Court by Defendants' counsel that the $500 was paid violates his duty of candor.

**III.     The Claims Asserted By Plaintiff In Arbitration Do Not Preclude This Action.**

Defendants proceed to argue that "[i]t is impossible that the Plaintiff can advance in arbitration that the Non-Solicitation Agreement is the product of fraud and in this action invoke the power and authority of the same Agreement as justification for its Complaint."  (Def. Mem., p. 6).  The crux of Defendants' argument appears to be that Plaintiff cannot bring this action for injunctive relief by relying on the Arbitration Clause in the Non-Solicitation Agreement if Plaintiff is also disputing the validity of the Non-Solicitation Agreement based on a claim of fraud.  Defendants' argument is contrary to the law and fails on its face.

The Fourth Circuit has made clear that a district court may only consider claims of fraud in determining the validity or enforceability of an arbitration clause "if the fraud relates specifically to the arbitration clause itself and not to the contract generally."  *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 307 (4th Cir. 2001) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 18 L. Ed. 2d 1270, 87 S. Ct. 1801 (1967)).  "Claims of fraud applicable to the entire contract are generally resolved by an arbitrator," and does not render an arbitration clause invalid or unenforceable.  *Id.*  As set forth in the Amended Demand, Plaintiff is seeking the reformation of certain terms—namely, the altered terms—such that the terms of the Non-Solicitation Agreement conform to the terms of Agreement I.  (Amended Demand, p. 2).  The altered terms that Plaintiff seeks to reform in arbitration are present throughout the Non-Solicitation Agreement, and not specifically in the Arbitration Clause.  (Amended Demand, pp. 15-19).  Accordingly, the fraud alleged by Plaintiff in arbitration is applicable to the entire Non-Solicitation Agreement, and not specifically to the Arbitration Clause.  Thus, Plaintiff may rely on the Arbitration Clause—and the provision in the Arbitration Clause authorizing the parties to seek injunctive relief from a

7

court—irrespective of its claim of fraud in arbitration, which claim is directed to the Non-Solicitation Agreement generally.

To the extent Defendants contend that Plaintiff can no longer argue that the Non-Solicitation Agreement is a product of fraud, Plaintiff respectfully submits that these arguments are nonsensical.  Defendants argue that Plaintiff's failure to "attack the validity of the Non-Solicitation Agreement and/or to seek its reformation at the time the Plaintiff relied on the same Agreement in commencing this action" means that Plaintiff has "embrace[d] the Non-Solicitation Agreement without reservation before this Court."  (Def. Mem., p. 6).  Plaintiff did not attack the validity or seek reformation of the Non-Solicitation Agreement because Plaintiff has not asserted any contract claims in this action.  Plaintiff is only asserting claims based on its trademark rights, and Plaintiff is only seeking injunctive relief pursuant to its trademark claims.  There are simply no claims in this action directed to or dependent on the validity, enforcement, or terms of the Non-Solicitation Agreement and, as such, there is no reason for Plaintiff to raise such issues here.

## IV.     Defendants' Arguments Raising The Doctrine Of Unclean Hands Are Likewise Meritless.

Finally, Defendants argue this action should be dismissed because the doctrine of unclean hands precludes Plaintiff from recovering in equity.  (Def. Mem., pp. 6-7).  It is entirely unclear what Defendants are claiming to give rise to Plaintiff's supposed unclean hands, which argument is set forth in a single sentence:

> It is inconceivable that the Plaintiff read the narrow scope of the injunctive relief provision of the Non-Solicitation Agreement, concluded that notwithstanding the limitation it was authorized to make a public filing seeking broad and sweeping relief, used its filing as a platform for a false narrative, secreted from the Court that it was seeking to disavow the Non-Solicitation Agreement in another venue and then have the temerity to seek relief in equity from this Court.

(Def. Mem., p. 7).

8

Defendants then simply conclude that "[t]his is the essence of unclean hands," and that the Court should dismiss this action on this basis alone. (*Id.*). As explained above, this action and the injunctive relief requested herein are expressly contemplated by the Non-Solicitation Agreement. Plaintiff's filing of this action, *as permitted by the Non-Solicitation Agreement*, does not constitute "unclean hands."

There is also no basis for Defendants' accusations that Plaintiff used its filings "as a platform for a false narrative" or that Plaintiff "secreted from the Court" the issues raised in the Amended Demand. Defendants contend that Plaintiff's "false narrative is exemplified by paragraph 42 [of the original Complaint]," which alleges:

> To the extent **"George T. Sink, Jr." is Ted Sink's legal name**, on information and belief, Ted Sink has throughout his life preferred the use of his middle name and gone by "Ted" or "Teddy". Printouts of publicly available examples of Ted Sink using and/or going by the first name "Ted" are attached hereto as Exhibit E.

(DE 1, ¶ 42) (emphasis added).

Even though this paragraph clearly states that Ted Sink's legal name is "George T. Sink, Jr.," Defendants inexplicably claim that this exemplifies a "false narrative" because Plaintiff did not attach documents, such as Ted Sink's birth certificate, law school and college degrees, driver's license, voter registration card, etc., showing that Ted Sink's given name is "George T. Sink, Jr." These are official and/or government-issued documents that would necessarily list an individual's legal name, not a nickname or preferred name. Indeed, these documents would only show that Ted Sink's legal name is "George T. Sink, Jr.," which Plaintiff has clearly acknowledged already in paragraph 42. Defendants' accusation that Plaintiff is setting forth a false narrative is illogical and baseless, and should be given no consideration.

Defendants further claim that Plaintiff has withheld from the Court issues raised in arbitration—namely, that Plaintiff is "seeking to disavow the Non-Solicitation Agreement in

9

another venue….." (Def. Mem., p. 7).  Defendants' position is refuted by the pleadings filed in this action, and this argument likewise fails on its face.  Plaintiff filed under seal a copy of the Amended Demand as an exhibit to its First Amended Complaint.  The Amended Demand includes a copy of the original Demand for Arbitration, as well as the Non-Solicitation Agreement and Agreement I.  Plaintiff has not "secreted" anything from the Court, and this argument should be disregarded in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6).

Date: June 21, 2019	Respectfully submitted,

s/ Trudy H. Robertson
Trudy H. Robertson
Federal ID No. 6211
MOORE & VAN ALLEN PLLC
78 Wentworth Street
Charleston, SC 29401
Telephone: (843) 579-7061
Facsimile: (843) 579-8722
E-mail: trudyrobertson@mvalaw.com

Allan R. Holmes (Fed. ID# 1925)
Cheryl H. Ledbetter (Fed. ID# 11446)
GIBBS & HOLMES
171 Church Street, Suite 110
Charleston, SC 29401
(843) 722-0033 (telephone)
(843) 722-0114 (facsimile)
E-mail: aholmes@gibbs-holmes.com
         cledbetter@gibbs-holmes.com

J. Mark Wilson (*pro hac vice*)
N.C. State Bar No. 25763
Kathryn G. Cole (*pro hac vice*)
N.C. State Bar No. 39106
Minnie Kim (*pro hac vice*)
N.C. State Bar No. 46173
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
E-mail: markwilson@mvalaw.com
         katecole@mvalaw.com
         minniekim@mvalaw.com

*Attorneys for Plaintiff George Sink, P.A. Injury Lawyers*