# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| GEORGE SINK, P.A. INJURY LAWYERS, ) | Civil Case No. 2:19-cv-01206-DCN |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' REPLY TO** |
| v. ) | **PLAINTIFF'S RESPONSE IN** |
| ) | **OPPOSITION TO DEFENDANTS'** |
| GEORGE SINK II LAW FIRM, LLC, ) | **MOTION TO DISMISS** |
| GEORGE SINK LAW FIRM, LLC, ) | **FIRST AMENDED COMPLAINT** |
| SOUTHERN LEGAL ASSOCIATION, LLC, ) | **PURSUANT TO RULE 12(B)(6)** |
| and GEORGE ("TED") SINK, JR., ) | |
| ) | |
| Defendants. ) | |

The above-named Defendants, by and through their undersigned counsel, hereby submit their reply to "Plaintiff's Response in Opposition to Defendants' Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6)" filed on June 21, 2019.

## REPLY

Plaintiff filed an action in arbitration against the Defendants on March 8, 2019 pursuant to the parties' Non-Solicitation Agreement. The Plaintiff subsequently filed a Complaint with this Court on April 25, 2019 under the Non-Solicitation Agreement for the same issues they complained about in their arbitration demand.

Per the arbitration language in the Non-Solicitation Agreement, on June 18, 2019, the parties received correspondence from the American Arbitration Association in which an arbitrator was appointed, Daniel J. Thompson. In addition, the same letter schedules an "Arbitration Management Conference" for July 11, 2019 at 10:00 AM.

Consequently, Defendants are prepared to proceed in arbitration as the Plaintiff initially desired or will be prepared to argue their position at the July 29, 2019 injunction hearing with this Court. In either venue, the Plaintiff's claims fail for a multitude of previously briefed reasons

including, but not not limited to, that the Defendants have tendered the $500.00 liquidated damages[1] required by the parties' Non-Solicitation Agreement and because the Plaintiff cannot meet the four pronged injunction test required by *Winter v. Natural Resource Defense Council, Inc.* 555 U.S. 7 (2008).

June 27, 2019
Charleston, South Carolina

        s/Ronald L. Richter, Jr.
        Ronald L. Richter, Jr. (Federal Bar No. 6264)
        s/Scott M. Mongillo
        Scott M. Mongillo (Federal Bar No. 7436)
        BLAND RICHTER, LLP
        *Attorneys for Defendants*
        Peoples Building
        18 Broad Street, Mezzanine
        Charleston, South Carolina 29401
        Telephone 843.573.9900
        Facsimile 843.573.0200
        ronnie@blandrichter.com
        scott@blandrichter.com

        s/Eric S. Bland
        Eric S. Bland (Federal Bar No. 5472)
        BLAND RICHTER, LLP
        *Attorneys for Defendants*
        1500 Calhoun Street
        Post Office Box 72
        Columbia, South Carolina 29202
        Telephone 803.256.9664
        Facsimile 803.256.3056
        ericbland@blandrichter.com

        -and-

---

[1] Please see *Bethesda Softworks, L.L.C. v. Interplay Entm't Corp.,* 452 F. App'x 351, 353 (4th Cir. 2011). In *Bethesda Softworks*, the 4th Circuit Court of Appeals stated that preliminary injunctions are not available where the harm at issue can be remedied by money damages, absent extraordinary circumstances, such as the Plaintiff's business being unable to exist without the injunction. That is not the case here. See also, *Christopher Phelps & Associates LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007) in which the Court upheld the District Court's decision to deny Plaintiff's request for injunctive relief after Plaintiff had already been awarded money damages for intellectual property infringement.

s/Timothy D. St. Clair
Timothy D. St. Clair (Federal Bar No. 4270)
PARKER POE ADAMS & BERNSTEIN, LLP
*Attorneys for Defendants*
110 East Court Street, Suite 200
Greenville, South Carolina 29601
Telephone: 864.577.6371
Facsimile: 864.242.9888
timstclair@parkerpoe.com
